FILED

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

04 JAN 15 PM 3:47

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**Undersea Breathing Systems, Inc.,**

**Plaintiff,**

**v.**

**Nu Venture Diving Co. d/b/a "NUVAIR", a corporation,**

**Defendant.**
_______________________________/

**Case No.** 6:04-cv-57-ORL-22DAB

**COMPLAINT**

**ACTION FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE ADVERTISING AND UNFAIR COMPETITION. INJUNCTIVE RELIEF AND JURY TRIAL REQUEST**

COMES NOW Plaintiff Undersea Breathing Systems, Inc. ("Plaintiff") and for its complaint against Defendant Nu Venture Diving Co. d/b/a "NUVAIR" ("Defendant") states:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a corporation with its offices in Florida.

2. Upon information and belief, Defendant is a corporation having its principal place of business in Oxnard, California.

3. Upon information and belief, Defendant is engaged in sales and offers for sale of systems and components utilized in producing and supplying breathable compressed nitrox gases for underwater applications, such as that used with SCUBA equipment for example.

4. Upon further information and belief, the sales and offer for sales of Defendant outlined in paragraph 3 above have been engaged in throughout the United States in interstate commerce, including within this judicial district and division.

5. Counts One - Four of this action are brought by Plaintiff seeking damages and injunctive relief for Defendant's infringements of Plaintiff's United States Patent Numbers 5,611,845; 5,846,291; 5,858,064 and 5,865,877 through the sales and offer for sales outlined in paragraphs 3 and 4 above.

6. This Court has jurisdiction over the subject matter of Counts One - Four under 28 U.S.C. §§ 1338(a).

7. Counts Five - Eight of this action are brought by Plaintiff seeking damages and injunctive relief for Defendant's infringement of Plaintiff's trademarks **EXPLORER, TECH, TECH MASTER** and **SILENT TECH** in connection with the business activities outlined in paragraphs 3 and 4 above.

8. This Court has jurisdiction over the subject matter of Counts Five - Eight under 28 U.S.C. §1338(a).

9. Count Nine is an action by Plaintiff against Defendant for damages and injunctive relief arising from Defendant's false advertising in violation of 15 U.S.C. 1125(a).

10. Count Ten is an action by Plaintiff for damages and injunctive relief for Defendant's unfair competition in violation of the common law of Florida.

11. This Court has jurisdiction over the subject matter of Counts Nine under 28 U.S.C. §1338(a) and Count Ten pursuant to the pendant jurisdiction provisions of 28 U.S.C. §1338(b).

12. Venue for Counts One - Ten lies in this judicial district and division under 28 U.S.C. §1391(c).

**STATEMENT OF FACTS**

13. Prior to August, 1995, Plaintiff's principal, William Delp, engaged in substantial research and development of systems and methods for producing and storing and using nitrox gases for underwater breathing applications.

14. Based upon the research and development described in paragraph 13 above, the United States Commissioner of Patents and Trademarks issued the following United States Patents on the indicated dates:

| Patent No. | Issue Date |
|---|---|
| 5,611,845 | March 18, 1997 |
| 5,846,291 | December 8, 1998 |
| 5,858,064 | January 12, 1999 |
| 5,865,877 | February 2, 1999 |

15. United States Patent No. 5,611,845 has been assigned to Plaintiff. A true and correct copy of United States Patent No. 5,611,845 entitled "Oxygen Enriched Air Generation System" is attached as Exhibit A.

16. United States Patent No. 5,846,291 has been assigned to Plaintiff. A true and correct copy of United States Patent No. 5,846,291 entitled "Oxygen Enriched Air Generation System" is attached as Exhibit B.

17. United States Patent No. 5,858,064 has been assigned to Plaintiff. A true and correct copy of United States Patent No. 5,858,064 entitled "Oxygen Enriched Air Generation System" is attached as Exhibit C.

18. United States Patent No. 5,865,877 has been assigned to Plaintiff. A true and correct copy of United States Patent No. 5,865,877 entitled "Method and Apparatus for Supplying A Pressurized Diver's Breathing Gas for Underwater Divers" is attached as Exhibit D.

19. During 1996, Plaintiff began marketing in interstate commerce systems and components in accordance with United States Patent Numbers 5,611,845; 5,846,291; 5,858,064 and 5,865,877.

20. In connection with the marketing activities outlined in paragraph 19 above, Plaintiff adopted and continues to use in interstate commerce the marks **EXPLORER, TECH, TECH MASTER** and **SILENT TECH**. Specimens showing Plaintiff's uses of these marks are set out at Exhibits E, F, G and H.

21. On April 7, 2001, Plaintiff granted to Defendant a license under United States Patents 5,611,845, 5,846,291, 5,858,064 and 5,865,877.

22. Effective April 8, 2003, Plaintiff terminated the license referenced in paragraph 21 above.

23. During the period of the license, Defendant used Plaintiff's trademarks in interstate commerce; at no time, however, did Plaintiff transfer any rights to the marks to Defendant.

24. As asserted in Counts One - Eight below, Defendant has continued without Plaintiff's authorization to sell and offer to sell systems and components covered by Plaintiff's United States Patents set out in paragraph 21 above, and has without Plaintiff's authorization continued to use Plaintiff's trademarks set out in paragraph 20 above.

**COUNT ONE**

**Action for Infringement of United States Patent 5,611,845**

25. This Count One is an action by Plaintiff for damages and injunctive relief arising from Defendant's infringements of United States Patent 5,611,845.

26. Plaintiff here restates and incorporates by reference into this Count One the allegations of paragraphs 1-6, 13-19, and 21-24 above.

27. Since termination of its license, Defendant has sold and offered for sale systems and components covered by Plaintiff's United States Patent 5,611,845.

28. Defendant's infringing activities asserted in paragraph 27 above were engaged in without Plaintiff's authorization.

29. Plaintiff has suffered a compensable injury by reason of Defendant's infringements of United States Patent 5,611,845 and will suffer an irreparable injury unless Defendant's infringing activities are not preliminarily and then permanently enjoined.

30. Upon information and belief, Defendant's infringing activities have been undertaken in bad faith, justifying an award of increased damages and attorney's fees under 35 U.S.C. §§284 and 285.

**COUNT TWO**

**Action for Infringement of United States Patent 5,846,291**

31. This Count Two is an action by Plaintiff for damages and injunctive relief arising from Defendant's infringements of United States Patent 5,846,291.

32. Plaintiff here restates and incorporates by reference into this Count Two the allegations of paragraphs 1-6, 13-19, and 21-24 above.

33. Since termination of its license, Defendant has sold and offered for sale systems and components covered by Plaintiff's United States Patent 5,846,291.

34. Defendant's infringing activities asserted in paragraph 33 above were engaged in without Plaintiff's authorization.

35. Plaintiff has suffered a compensable injury by reason of Defendant's infringements of United States Patent 5,846,291 and will suffer an irreparable injury unless Defendant's infringing activities are not preliminarily and then permanently enjoined.

36. Upon information and belief, Defendant's infringing activities have been undertaken in bad faith, justifying an award of increased damages and attorney's fees under 35 U.S.C. §§284 and 285.

**COUNT THREE**

**Action for Infringement of United States Patent 5,858,064**

37. This Count Three is an action by Plaintiff for damages and injunctive relief arising from Defendant's infringements of United States Patent 5,858,064.

38. Plaintiff here restates and incorporates by reference into this Count Three the allegations of paragraphs 1-6, 13-19, and 21- 24 above.

39. Since termination of its license, Defendant has sold and offered for sale systems and components covered by Plaintiff's United States Patent 5,858,064.

40. Defendant's infringing activities asserted in paragraph 39 above were engaged in without Plaintiff's authorization.

41. Plaintiff has suffered a compensable injury by reason of Defendant's infringements of United States Patent 5,858,064 and will suffer an irreparable injury

unless Defendant's infringing activities are not preliminarily and then permanently enjoined.

42. Upon information and belief, Defendant's infringing activities have been undertaken in bad faith, justifying an award of increased damages and attorney's fees under 35 U.S.C. §§284 and 285.

## COUNT FOUR

## Action for Infringement of United States Patent 5,865,877

43. This Count Four is an action by Plaintiff for damages and injunctive relief arising from Defendant's infringements of United States Patent 5,865,877.

44. Plaintiff here restates and incorporates by reference into this Count Four the allegations of paragraphs 1-6, 13-19, and 21-24 above.

45. Since termination of its license, Defendant has sold and offered for sale systems and components covered by Plaintiff's United States Patent 5,865,877.

46. Defendant's infringing activities asserted in paragraph 45 above were engaged in without Plaintiff's authorization.

47. Plaintiff has suffered a compensable injury by reason of Defendant's infringements of United States Patent 5,865,877 and will suffer an irreparable injury unless Defendant's infringing activities are not preliminarily and then permanently enjoined.

48. Upon information and belief, Defendant's infringing activities have been undertaken in bad faith, justifying an award of increased damages and attorney's fees under 35 U.S.C. §§284 and 285.

## COUNT FIVE

## Action for Infringement of Trademark EXPLORER

49. This Count Five is an action by Plaintiff against Defendant for infringement of Plaintiff's Trademark **EXPLORER** in violation of 15 U.S.C. §1125(a).

50. Plaintiff here restates and incorporates by reference the allegations of paragraphs 1-4, 7-12 and 19-24 above.

51. Since termination of its license, Defendant has sold and offered for sale systems and components using Plaintiff's Trademark **EXPLORER**.

52. Defendant's activities asserted in paragraph 51 above were engaged in without Plaintiff's authorization.

53. Plaintiff has suffered a compensable injury by reason of Defendant's infringing activities outlined in this Count Five and Plaintiff will continue to suffer an irreparable injury unless Defendant's infringing activities are preliminarily and then permanently enjoined.

54. Upon information and belief, Defendant's infringing activities as outlined in this Count Five were engaged in with a willful, wanton or reckless disregard for Plaintiff's rights so as to justify an award of exemplary damages and attorney's fees.

## COUNT SIX

## Action for Infringement of Plaintiff's Trademark TECH

55. This Count Six is an action by Plaintiff against Defendant for infringement of Plaintiff's Trademark **TECH** in violation of 15 U.S.C. §1125(a).

56. Plaintiff here restates and incorporates by reference the allegations of paragraphs 1-4, 7-12 and 19-24 above.

57. Since termination of its license, Defendant has sold and offered for sale systems and components using Plaintiff's Trademark **TECH**.

58. Defendant's activities asserted in paragraph 57 above were engaged in without Plaintiff's authorization.

59. Plaintiff has suffered a compensable injury by reason of Defendant's infringing activities outlined in this Count Six and Plaintiff will continue to suffer an irreparable injury unless Defendant's infringing activities are preliminarily and then permanently enjoined.

60. Upon information and belief, Defendant's infringing activities as outlined in this Count Six were engaged in with a willful, wanton or reckless disregard for Plaintiff's rights so as to justify an award of exemplary damages and attorney's fees.

## COUNT SEVEN

## Action for Infringement of Trademark TECH MASTER

61. This Count Seven is an action by Plaintiff against Defendant for infringement of Plaintiff's Trademark **TECH MASTER** in violation of 15 U.S.C. §1125(a).

62. Plaintiff here restates and incorporates by reference the allegations of paragraphs 1-4, 7-12 and 19-24 above.

63. Since termination of its license, Defendant has sold and offered for sale systems and components using Plaintiff's Trademark **TECH MASTER**.

64. Defendant's activities asserted in paragraph 63 above were engaged in without Plaintiff's authorization.

65. Plaintiff has suffered a compensable injury by reason of Defendant's infringing activities outlined in this Count Seven and Plaintiff will continue to suffer an irreparable injury unless Defendant's infringing activities are preliminarily and then permanently enjoined.

66. Upon information and belief, Defendant's infringing activities as outlined in this Count Seven were engaged in with a willful, wanton or reckless disregard for Plaintiff's rights so as to justify an award of exemplary damages and attorney's fees.

## COUNT EIGHT

### Action for Infringement of Trademark SILENT TECH

67. This Count Eight is an action by Plaintiff against Defendant for infringement of Plaintiff's Trademark **SILENT TECH** in violation of 15 U.S.C. §1125(a).

68. Plaintiff here restates and incorporates by reference the allegations of paragraphs 1-4, 7-12 and 19-24 above.

69. Since termination of its license, Defendant has sold and offered for sale systems and components using Plaintiff's Trademark **SILENT TECH**.

70. Defendant's activities asserted in paragraph 69 above were engaged in without Plaintiff's authorization.

71. Plaintiff has suffered a compensable injury by reason of Defendant's infringing activities outlined in this Count Eight and Plaintiff will continue to suffer an irreparable injury unless Defendant's infringing activities are preliminarily and then permanently enjoined.

72. Upon information and belief, Defendant's infringing activities as outlined in this Count Eight were engaged in with a willful, wanton or reckless disregard for Plaintiff's rights so as to justify an award of exemplary damages and attorney's fees.

**COUNT NINE**

**Action for False Advertising in Violation of 15 U.S.C. §1125(a)**

73. This Count Nine is an action by Plaintiff against Defendant for false advertising engaged in in interstate commerce in violation of 15 U.S.C. §1125(a).

74. Plaintiff here restates and incorporated by reference into this Count Nine the allegations of paragraphs of 1-4, 7-12 and 19-24 above.

75. Upon information and belief, Defendant is offering for sale a membrane systems which Defendant represents in interstate commerce is "up to 20% more efficient and easier to use" than Plaintiff's membrane system and/or the membrane system sold by Defendant while licensed by Plaintiff.

76. A true and correct portion of Defendant's web site bearing the statement quoted in paragraph 75 above is reproduced at Exhibit I.

77. Upon information and belief, Defendant's representations in connection with the sales of membrane in interstate commerce described in paragraph 75 above is false.

78. Defendant's conduct outlined in this Count Nine is false advertising in violation of 15 U.S.C. §1125(a).

79. Defendant's false advertising in violation of 15 U.S.C. §1125(a) as outlined in Count Nine has caused a compensable injury to Plaintiff's market for competitive membrane systems, and is likely to cause Plaintiff irreparable injury unless Defendant's conduct is preliminarily and then permanently enjoined.

80. Upon information and belief, Defendant's conduct outlined in this Count Nine was engaged in with a willful, wanton or reckless disregard so as to justify an award of exemplary damages and attorney's fees.

## COUNT TEN

## Action for Unfair Competition in Violation of Florida Common Law

81. This Count Ten is an action by Plaintiff against Defendant for damages and injunctive relief arising from Defendant's unfair competition in violation of Florida law.

82. Defendant's conduct outlined in Counts Five - Nine above constitutes unfair competition under the common law of Florida.

83. Plaintiff has suffered a compensable injury by reason of Defendant's conduct outlined in this Count Ten and Plaintiff will continue to suffer irreparable injury unless Defendant's conduct is preliminarily and then permanently enjoined.

84. Upon information and belief, Defendant's conduct in this Count Ten was engaged in with such a willful, wanton or reckless disregard for Plaintiff's rights as to justify an award of punitive damages.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays that this Honorable Court enter such orders and judgments as are necessary to provide the following relief:

A. Under each of Counts One-Four, a preliminary and then permanent injunction precluding Defendant from infringing each of Plaintiff's patents.

B. Under each of Counts One-Four, an award of damages and/or a reasonable royalty pursuant to 35 U.S.C. §284.

C. Under each of Counts One-Four, an award of increased damages and attorney's fees under 35 U.S.C. §§284 and 285.

D. Under each of Counts Five-Eight, a preliminary and then permanent injunction precluding Defendant from infringing each of Plaintiff's Trademarks.

E. Under each of Counts Five-Eight, an award of damages pursuant to 15 U.S.C. §1117.

F. Under each of Counts Five-Eight, an award of exemplary damages and attorney's fees under 15 U.S.C. §1117.

G. Under Count Nine, a preliminary and then permanent injunction precluding Defendant from engaging in the objectionable false advertising.

H. Under Count Nine, an award of damages pursuant to 15 U.S.C. §1117.

I. Under Count Nine, an award of exemplary damages and attorney's fees pursuant to 15 U.S.C. §1117.

J. Under Count Ten, a preliminary and then permanent injunction precluding Defendant from engaging in the objectionable unfair competition.

K. Under Count Ten, an award of compensatory damages.

L. Under Count Ten, an award of punitive damages.

M. An award of Plaintiff's taxable costs.

N. Such other relief as the Court deems appropriate.

Date: January 15, 2004

HERBERT L. ALLEN
Florida Bar No. 114126
BRIAN R. GILCHRIST
Florida Bar No. 774065
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
255 So. Orange Ave., Suite 1401
Post Office Box 3791
Orlando, Florida 32802
Attorneys for Plaintiff
Tel: 407/841-2330
Fax: 407/841-2343

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

EXHIBITS

# ** REFER TO COURT FILE **