**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**



Undersea Breathing Systems, Inc.,

      Plaintiff,

vs.                     **Case No. 6:04-CV-57-ORL-22DAB**

Nu Venture Diving Co. d/b/a
"NUVAIR", a corporation,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFF/COUNTERCLAIM DEFENDANT UNDERSEA BREATHING SYSTEMS, INC.

COMES NOW Plaintiff Undersea Breathing Services, Inc. ("UBS"), by and through its undersigned counsel, and for its answer to Defendant Nu Venture Diving Company's ("Nu Venture") counterclaims, states:

1.     Admit that it is a Nevada corporation having its principal offices in the State of Florida.

2.     Without knowledge, accordingly denied.

3.     UBS admits that this Court has jurisdiction over the subject matter of Nu Venture's claims involving the patent issues; otherwise denied.

4.     UBS admits that venue lies in this district and division as to Nu Venture's counterclaims involving patent issues; otherwise denied.

5.     Admit.

6.     Admit.

7.     Admit that diving gases principally include oxygen and nitrogen.  UBS

S:\AIMDocs\UNDERS\0036470\CU6292.WPD

14

admits that oxygen and nitrogen are gases that can be found in the atmosphere.

8.     The allegations of ¶ 8 are vague and ambiguous in that they appear to refer to diving generally but use the trademark "undersea breathing systems" in a non-trademark sense which prevents UBS from determining whether the allegation is directed at UBS's patented products.  As such UBS denies each and every allegation.

9.     The allegations of ¶ 9 are vague and ambiguous in that they appear to refer to diving generally but use the trademark "undersea breathing systems" in a non-trademark sense which prevents UBS from determining whether the allegation is directed at UBS's patented products.  The allegations further call for general assumptions about buyer's attitudes and motivations in the general diving market.  As such UBS denies each and every allegation.

10.     Admit that its patented products utilize nitrox.  UBS further admits that it attempts to produce products that are safe and efficient.  The remaining allegations of ¶ 10 are vague and ambiguous in that it uses the trademark "undersea breathing systems" in a non-trademark sense which prevents UBS from determining whether the allegation is directed at UBS's patented products.  UBS therefore denies the remaining allegations.

11.     Admit.

12.     Admit.

13.     Denied.

14.     Denied.

15.     Without knowledge, accordingly denied.

16.     Denied.

17.     Denied.

S:\AIMDocs\UNDERS\0036470\CU6292.WPD

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Admit that it filed two applications for federal trademark registration on September 14, 1995 which the United States Patent and Trademark Office subsequently registered as No. 2073153 and No. 2073154.  UBS denies all other allegations of ¶ 27.

28.    Denied as framed, the file history speaks for itself.

29.    Denied.

30.    UBS admits that it licensed use of the mark Undersea Breathing Systems to Nu Venture and others.  All other allegations of ¶ 30 are denied.

31.    Denied.

32.    The allegations of ¶ 32 are vague and ambiguous in that they make reference to "[t]hese advertisements" but fail to inform UBS as to what advertisements the allegations refer.  Each and every allegations of ¶ 32 is denied.

33.    The allegations of ¶ 33 are vague and ambiguous in that they make

reference to "that advertisement" but fail to inform UBS as to what advertisements the allegations refer. Each and every allegation of ¶ 33 is denied. The additional unnumbered paragraph, if meant to be part of paragraph 33, is denied.

34.    Admit that a modest penalty under 35 U.S.C. §292 was imposed by the United States District Court for the Northern District of Illinois after specific findings by the court which UBS contests; UBS denies each and every remaining allegation of ¶ 34. All of the allegations of paragraphs 34 through 58 are irrelevant to any claim and are inserted solely to publish scandalous misstatements which serve no useful purpose in this proceeding and should be stricken.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Admit that it filed a lawsuit against Nitrox Technologies, Inc. ("NTI") on March 24, 1997 claiming infringement of the 5,611,845 patent; UBS denies every remaining allegation.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    UBS acknowledges that the Magistrate Judge for the United States District Court for the Northern District of Illinois held that United States Patent 5,611,845 was valid in view of numerous prior Art challenges made by NTI, and that the '845 patent was not infringed by the particular equipment then being sold by NTI, denying claim of equivalence.

4                    S:\AIMDocs\UNDERS\0036470\CU6292.WPD

UBS further acknowledges that the court found no proof of patent misuse and inequitable conduct by NTI.  UBS further acknowledges the appeal was voluntarily dismissed.  UBS denies every remaining allegation of ¶ 43.

44.    Denied.

45.    Admit that on March 17, 1997, UBS filed a applications for the later issued United States Patent 5,846,291 which was a continuation of the '845 patent, and United States Patent 5,865,877 which was a continuation-in-part of the '845 patent.  UBS further admits that the applications were filed prior to the filing of the action against NTI discussed above.  UBS denies every remaining allegation of ¶ 45.

46.    Denied.

47.    Denied.

48.    Denied.

49. Admit that United States Patent '291 was issued December 8, 1998. UBS further admits that an action for patent infringement was brought against Ron Muller and NTI following the issuance of the '291 patent.  UBS denies every remaining allegation of ¶ 49.

50.    Denied.

51.    Admit that United States Patent 5,858,064 was issued by the United States Patent and Trademark Office ("USPTO") on January 12, 1999.  Admit that it attempted to consolidate actions brought against NTI alleging infringement of the '064 and '291 patents.   UBS denies the allegation that it "permitted" the '064 patent to issue, as the decision to allow a patent to issue rests with the USPTO, not the applicant.  UBS denies every remaining allegation of ¶ 51.

S:\AIMDocs\UNDERS\0036470\CU6292.WPD

52.    Denied.

53.    Admit that it provided information regarding pending litigation in which it was involved to customers.  UBS denies every remaining allegation of ¶ 53.

54.    Denied.

55.    Admit that United States Patent 5,865,877 issued February 2, 1999. UBS denies every remaining allegation of ¶ 45.

56.    Denied.

57.    Denied.  UBS does not understand the claim "clearing" the record.  UBS further points out that counsel for Counterclaimant, who was also counsel for NTI, had the ability to seek reexamination and chose not to.

58.    Denied.

59.    Denied. ?

60.    Admit that it granted Nu Venture a license under patents '845, '291, 064, and 877 in April of 2001.  UBS rightfully terminated said license in April 2003.  Upon information and belief, Nu Venture made and sold nitrox gas generators under the license and continued to sell those generators following the termination of the license.  UBS is without knowledge and therefore denies every remaining allegation of ¶ 60.

61.    Admit that it granted Nu Venture a license under patents '845, '291, 064, and 877 in April of 2001.  UBS rightfully terminated said license in April 2003.  Upon information and belief, Nu Venture engaged in limited use of the name while a licensee of UBS's patents.  Nu Ventures current website states, "we have changed our name from Undersea Breathing Systems International to Nuvair."  UBS is without knowledge and therefore denies every remaining allegation of ¶ 61.

S:\AIMDocs\UNDERS\0036470\CU6292.WPD

62.    UBS admits that it has not yet filed an infringement action against Nu Venture based on infringement of the mark Undersea Breathing Systems.   Upon information and belief, Nu Venture has ceased using Undersea Breathing Systems.  UBS is without knowledge and therefore denies every remaining allegation of ¶ 62.

63.    UBS licensed the 845, '291, '064, and '877 patents to Nu Venture and licensed the use of the mark Undersea Breathing Systems.  UBS denies every remaining allegation of ¶ 63.

64.    Admit it entered into a license agreement with Nu Venture covering the stated patents on August 28, 2000.  UBS denies every remaining allegation of ¶ 64.

65.    Admit it entered into a license agreement with Nu Venture covering the stated patents on April, 7, 2001.  UBS denies every remaining allegation of ¶ 65.

66.    Denied.

67.    Denied.

68.    Admit the Agreement required payment of license fees during the existence of the license.  UBS further admits that the agreement made provisions for the return of stock as license fees should the agreement continue following the second year.

69.    Denied.

70.    Denied.

71.    Admit that it informed some customers that the license had been terminated. UBS denies every remaining allegation of ¶ 71.

72.    Denied.

73.    Admit that it filed the pending action.  UBS denies every remaining allegation of ¶ 73.

S:\AIMDocs\UNDERS\0036470\CU6292.WPD

74.   Denied.

75.   Without knowledge, therefore denied.

76.   Without knowledge, therefore denied.

77.   Without knowledge, therefore denied.

78.   Without knowledge, therefore denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Denied.

## COUNT ONE FOR DECLARATORY JUDGMENT OF INVALIDITY, NON-INFRINGEMENT, AND UNENFORCEABILITY OF PATENTS

88.   Nu Venture's incorporation by reference in ¶ 88 of the allegations in Paragraphs 85 through 102 of its affirmative defenses do not establish a basis upon which UBS can admit or deny such allegations as they relate solely to Nu Venture's affirmative defenses to UBS's complaint; as such UBS denies without exception all allegations incorporated by reference to Paragraphs 85 through 102 of Nu Venture's affirmative defenses.  Nu Venture also incorporates by reference the allegations in Paragraphs 5

8                    S:\AIMDocs\UNDERS\0036470\CU6292.WPD

through 88 of the counterclaim to which UBS incorporates and realleges its responses to Paragraphs 5 through 88, inclusive, as though fully set forth herein.

     89.    Admit.

     90.    Denied.

     91.    Denied.

     92.    Denied.

     93.    Denied.

     94.    Denied.

     95.    Denied.

     96.    UBS assumes reference in ¶ 96 to NTI activities is in error and therefore excludes from its response any answer with regard to NTI.  UBS is without knowledge as to whether Nu Venture has ceased shipment or promotion of the infringing apparatus.  UBS denies every remaining allegation of ¶ 96.

### COUNT TWO FOR DECLARATORY OF UNENFORCEABILITY OF UNDERSEA BREATHING SYSTEMS AS A TRADEMARK

     97.    Nu Venture incorporates by reference the allegations in Paragraphs 5 through 88 of the counterclaim which have nothing to do with the count and are a wasteful and unnecessary pleading exercise.  UBS incorporates and realleges its responses to Paragraphs 5 through 88, inclusive, as though fully set forth herein.

     98.    Denied.

     99.    Denied.

     100.   Denied.

     101.   Admit.

102.   Denied.

103.   Denied.

COUNT THREE FOR VIOLATION OF
THE COMPUTER FRAUD AND ABUSE ACT

104.   Nu Venture incorporates by reference the allegations in Paragraphs 5 through 88 of the counterclaim to which UBS incorporates and realleges its responses to Paragraphs 5 through 88, inclusive, as though fully set forth herein.

105.   Denied.

106.   Denied.

107.   Denied.

COUNT FOUR FOR VIOLATION OF THE
ELECTRONIC COMMUNICATION PRIVACY ACT

108.   Nu Venture incorporates by reference the allegations in Paragraphs 5 through 88 of the counterclaim to which UBS incorporates and realleges its responses to Paragraphs 5 through 88, inclusive, as though fully set forth herein.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

COUNT FIVE FOR VIOLATION OF THE FLORIDA COMPUTER CRIMES ACT

113.   Nu Venture incorporates by reference the allegations in Paragraphs 5 through 88 of the counterclaim to which UBS incorporates and realleges its responses to Paragraphs 5 through 88, inclusive, as though fully set forth herein.

114.   Denied.

S:\AIMDocs\UNDERS\0036470\CU6292.WPD

115.    Denied.  UBS further notes this paragraph references an irrelevant Act.

## COUNT SIX FOR DECEPTIVE AND UNFAIR TRADE PRACTICES

116.    Nu Venture incorporates by reference the allegations in Paragraphs 5 through 88 of the counterclaim to which UBS incorporates and realleges its responses to Paragraphs 5 through 88, inclusive, as though fully set forth herein.

117.    Denied.

118.    Denied.

## COUNT SEVEN FOR BREACH OF CONTRACT AND INDEMNITY

119.    Nu Venture incorporates by reference the allegations in Paragraphs 5 through 88 of the counterclaim to which UBS incorporates and realleges its responses to Paragraphs 5 through 88, inclusive, as though fully set forth herein.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

## COUNT EIGHT FOR MISAPPROPRIATION OF TRADE SECRETS

125.    Nu Venture incorporates by reference the allegations in Paragraphs 5 through 88 of the counterclaim to which UBS incorporates and realleges its responses to Paragraphs 5 through 88, inclusive, as though fully set forth herein.

126.    Denied.

127.    Denied.

## COUNT NINE FOR CONVERSION

S:\AIMDocs\UNDERS\0036470\CU6292.WPD

128.   Nu Venture incorporates by reference the allegations in Paragraphs 5 through 88 of the counterclaim to which UBS incorporates and realleges its responses to Paragraphs 5 through 88, inclusive, as though fully set forth herein.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

## <u>AFFIRMATIVE DEFENSES</u>

FIRST AFFIRMATIVE DEFENSE

UBS asserts that this Court lacks subject matter jurisdiction to hear the state law claims at Counts Five, Six, Seven, Eight, and Nine.

SECOND AFFIRMATIVE DEFENSE

Nu Venture's claims are barred by the equitable doctrine of unclean hands

THIRD AFFIRMATIVE DEFENSE

Nu Venture's claims are subject to equitable or collateral estoppel

FOURTH AFFIRMATIVE DEFENSE

Nu Venture fraudulently procured and/or maintained the website located at www.underseabreathingsystems.com.

FIFTH AFFIRMATIVE DEFENSE

Nu venture has not been damaged as a result of any act of UBS.

SIXTH AFFIRMATIVE DEFENSE

Nu Venture is estopped from arguing that the trademark Undersea Breathing Systems is invalid or unenforceable because it used said mark in commerce under license from UBS.

EIGHTH AFFIRMATIVE DEFENSE

UBS asserts that Nu Venture's alleged trade secrets were not secret, were not subject to reasonable steps to ensure secrecy, and were not wrongfully used by UBS.

NINTH AFFIRMATIVE DEFENSE

The property alleged to have been converted in Count Nine was not owned by Nu Venture.

TENTH AFFIRMATIVE DEFENSE

Nu Venture is not entitled to equitable relief.

ELEVENTH AFFIRMATIVE DEFENSE

Nu Venture has failed to state any claims upon which relief can be granted.

TWELFTH AFFIRMATIVE DEFENSE

The superfluous allegations in the claim should be stricken.

3/29/04
Date

Brian R. Gilchrist
Florida Bar No. 774,065
**Allen, Dyer, Doppelt, Milbrath**
**& Gilchrist, P.A.**
255 S. Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: 407/ 841-2330
Facsimile: 407/841-2343

**ATTORNEYS FOR PLAINTIFF**

13                    S:\AIMDocs\UNDERS\0036470\CU6292.WPD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished by U.S. Mail on _29_ day of March, 2004, to the following attorney(s):

C. Douglas McDonald, Esquire
Andrew C. Greenberg, Esquire
Carlton Fields, P.A.
P.O. Box 3239
777 S. Harbour Island Blvd.
Tampa, FL  33601-3239

Attorneys for Defendant

14

S:\AIMDocs\UNDERS\0036470\CU6292.WPD